IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATHEW McDONALD,

        Plaintiff,                  No. CIV S-05-0595 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.              ORDER

        /

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will grant plaintiff's motion for remand and deny the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

/////

1

I.  Factual and Procedural Background

In a decision dated August 20, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found that plaintiff has complaints of HIV, depression, fatigue and hepatitis but does not have any severe impairment and plaintiff is therefore not disabled. Administrative Transcript ("AT") 20. Plaintiff contends the ALJ erred in finding plaintiff has no severe impairment and improperly discredited plaintiff's subjective complaints.

II.  Standard of Review

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

1  The court reviews the Commissioner's decision to determine whether (1) it is
2  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
3  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
4  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
5  Substantial evidence means more than a mere scintilla of evidence, but less than a
6  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
7  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a
8  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402
9  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.
10 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,
11 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
12 detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.
13 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of
14 supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If
15 substantial evidence supports the administrative findings, or if there is conflicting evidence
16 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see
17 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
18 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d
19 1335, 1338 (9th Cir. 1988).

20 III.  Analysis

21      A.  Severe Impairment

22  Plaintiff contends the ALJ committed error at step two of the sequential analysis
23 by finding plaintiff has no severe impairment.  An impairment is not severe only if it "would
24 have no more than a minimal effect on an individual's ability to work, even if the individual's
25 age, education, or work experience were specifically considered."  SSR 85-28.  Basic work
26 activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling,

reaching, carrying or handling; seeing, hearing and speaking; understanding, remembering and carrying out simple instructions; using judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with routine changes in a work setting. 20 C.F.R. § 404.1521. The purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987). "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996).

Plaintiff contends specifically that in finding plaintiff had no severe impairment, the ALJ improperly rejected the opinions of treating physicians. The weight given to medical opinions depends in part on whether they are proffered by treating, examining or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory,

4

minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

Several treating physicians or mental health practitioner practitioners opined plaintiff was disabled or had functional limitations. AT 181-182 (Dr. Masters); AT 204-205 (Dr. Zuckerwise); AT 256, 286 (Dr. Pappas); AT 289 (Dr.Reinhardt). In one conclusory paragraph, the ALJ rejected all of these opinions. AT 19 (last paragraph). Although the ALJ is entitled to resolve conflicts in the record and can reject conclusory opinions, the laundry list of reasons given by the ALJ does not meet the standards set forth above for articulating specific and legitimate reasons for each of these treating medical professionals in a manner that can be meaningfully reviewed by this court. Moreover, although the ALJ appears to rely on the opinion of examining psychiatrist Dr. Greenleaf in finding plaintiff has no severe impairment, Dr. Greenleaf expressly found plaintiff would be limited in his work activities to an environment with little public contact. AT 210. The ALJ mischaracterized Dr. Greenleaf's functional assessment in stating it "identified no limitations." AT 17. Because Dr. Greenleaf's assessment clearly identifies a functional limitation that limits a basic work activity, it was error for the ALJ to stop at step two of the sequential analysis.

B. Credibility

Plaintiff also contends the ALJ improperly assessed his credibility. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first

consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

       Plaintiff claimed an inability to work due to HIV-related malaise and fatigue and severe depression. AT 69. At the hearing, plaintiff testified his main problem was with fatigue. AT 358. The ALJ considered several factors in concluding plaintiff was not credible. Although the ALJ considered appropriate factors, the ALJ's application of these factors is not entirely supported by substantial evidence. For instance, the ALJ factored into the credibility analysis plaintiff's report of daily activities to the examining psychiatrist, Dr. Greenleaf. AT 19, 207-208.

1  Plaintiff, however, reported to Dr. Greenleaf that he sleeps excessively, takes naps in the
2  afternoon, and does not cook any more because of fatigue, which is consistent with plaintiff's
3  testimony.  AT 207, 208, 358, 360-361.  The ALJ also concluded the medical records were not
4  consistent with plaintiff's complaints of disabling fatigue.  However, there are numerous
5  notations in the medical record regarding fatigue.  AT 207, 235, 238, 252, 272, 281, 282, 287.

6         The credibility analysis also was incomplete.  Plaintiff's mother submitted a
7  detailed statement regarding plaintiff's activities of daily living.  AT 89-97.  "[L]ay witness
8  testimony as to a claimant's symptoms or how an impairment affects ability to work is competent
9  evidence, and therefore cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d
10 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993)
11 (friends and family members in a position to observe a plaintiff's symptoms and daily activities
12 are competent to testify to condition).  "If the ALJ wishes to discount the testimony of the lay
13 witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919. The
14 ALJ did not address the statement of plaintiff's mother, which generally supports plaintiff's
15 testimony.  Upon remand, the ALJ should specifically consider this evidence in assessing
16 plaintiff's credibility.

17        For the foregoing reasons, this matter will be remanded under sentence four of 42
18 U.S.C. § 405(g) for further development of the record and further findings addressing the
19 deficiencies noted above.
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. Plaintiff's motion for summary judgment is granted;

3  2. The Commissioner's cross-motion for summary judgment is denied; and

4  3. This matter is remanded for further proceedings consistent with this order.

5  DATED: September 26, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
mcdonald.ss