IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATHEW McDONALD,

    Plaintiff,               No. CIV S-05-595 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.            <u>ORDER</u>

/

        Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees based on 67 hours at the rate of $160.00 per hour for a total amount of $10,720.00. Defendant contends fees under the EAJA should not be awarded because the government's position was substantially justified. In the event fees are awarded, defendant contends the amount of hours claimed is unreasonable.

        A. Substantial Justification

        The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later

1

succeeds in obtaining the requested benefits.  Shalala v. Schaefer, 509 U.S. 292 (1993).  In this case, the court remanded the matter under sentence four on cross-motions for summary judgment.  See Order filed September 27, 2006.  Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the fee award unless it finds the position of the United States was substantially justified.  Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government.  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).   In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as

> 'justified in substance or in the main'——that is, justified to a degree that could satisfy a reasonable person.  That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565.  A position does not have to be correct to be substantially justified.  Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

Defendant contends the government's position was substantially justified.  In support of this contention, defendant puts forth essentially the same arguments submitted in support of the government's cross-motion for summary judgment.  Although defendant is correct that the government can lose on the merits and its position still be substantially justified for

purposes of EAJA, defendant's argument in this instance is unavailing.  In reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, the court has determined defendant's position had no reasonable basis in either law or fact.  The ALJ made no attempt to articulate specific and legitimate reasons for discounting the opinions of treating doctors and mischaracterized or ignored much of the medical evidence in discrediting plaintiff.  See, e.g., Sampson v. Chater, 103 F.3d 918 (9th Cir. 1996) (position not justified where ALJ mischaracterized medical evidence and failed to take adequate account of testimony).  The government's position thus was not substantially justified and fees under the EAJA therefore will be awarded.

### B.  Reasonable Fee

The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Defendant contends that the hours expended by plaintiff's counsel were unreasonable.  Specifically, defendant argues the number of hours claimed is excessive and that it is unreasonable to claim almost half of the amount requested for time spent preparing the EAJA application.

In reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, as well as the time expended on tasks as set forth in plaintiff's schedule of hours, the court has determined the hours claimed for representation on the merits of the case are reasonable.  The case involved complicated issues of the interplay of psychiatric problems, HIV and hepatitis.  The court also notes counsel did not represent plaintiff at the administrative level and had to become familiar with the case, which included a 368 page administrative transcript.  The court has carefully reviewed the hours claimed by counsel and finds no reason to believe they are inflated with respect to preparation of the complaint, motion for summary judgment and reply brief.  Counsel therefore will be paid for these claimed hours.

1        With respect to the 32 hours claimed for preparation of the application for EAJA
2 fees and reply, the court finds these hours to be inflated four-fold.  Eight hours are reasonable
3 and will be allowed.  EAJA fees therefore will be awarded for a total of 43 hours at the $160.00
4 hourly rate requested by counsel.
5        Accordingly,  IT IS HEREBY ORDERED that fees pursuant to the EAJA are
6 awarded to plaintiff in the amount of $6,880.00.
7 DATED: September 25, 2007.

_____
U.S. MAGISTRATE JUDGE

006
mcdonald.fee

4